UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN STANDIFER,<br><br>           Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>           Defendant. | Case No. 2:13-cv-01878-KJD-CWH<br><br>**REPORT AND RECOMMENDATION** |

### INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Sean Standifer's ("plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 16), filed February 26, 2014, defendant's Cross-Motion to Affirm (doc. # 17), filed March 17, 2014, and defendant's Response (doc. # 18), filed March 18, 2014.[1] Also before the Court is plaintiff's Reply (doc. # 19), filed April 1, 2014. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

### BACKGROUND

In July 2009, plaintiff applied for disability insurance benefits and supplemental security income, alleging an onset date of February 12, 2008. AR[2] 135-44. Plaintiff's claim was denied initially on January 7, 2010, and upon reconsideration on June 11, 2010. AR 77-90. A hearing was held before an

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 17, # 18. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 17, even though an identical argument is presented in defendant's opposition, doc. # 18.

[2] AR refers to the administrative record lodged with this Court. See Doc. # 14.

Administrative Law Judge ("ALJ") on October 11, 2011. AR 46-72. On December 28, 2011, the ALJ issued a decision finding plaintiff was not disabled from February 12, 2008, through the date of the decision. AR 28-41. Thereafter, plaintiff requested review of the ALJ's decision. AR 25-27. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final.[3] AR 8-14. Plaintiff, on October 15, 2013, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 1; see also Doc. # 3.

## DISCUSSION

**1.     Legal Standards**

    **a.     Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th

---

[3] The ALJ's decision becomes the final administrative decision of defendant.

2

Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

### b. Disability Evaluation Process

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent

---

[4] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 26-33. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 12, 2008. AR 33. At step two, the ALJ found that plaintiff had severe impairments of chronic pancreatitis, history of chronic pulmonary disease ("COPD"), degenerative disc disease of the cervical spine, major depressive disorder, and alcohol dependence. AR

33-34. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 34. Under step four, the ALJ found that plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a), with the following limitations: avoid concentrated exposure to environmental pollutants, heights, or machinery; limited to unskilled activity; and moderate limitations in the ability to interact appropriately with coworkers and supervisors. AR 35-39. The ALJ also determined that plaintiff could not perform past relevant work. AR 39. Considering plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy. AR 39-40. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged onset date of February 12, 2008 until the date of the decision. AR 40.

**3. Analysis**

    **a. Listing 5.08**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by concluding, without explanation and without considering medical equivalency, that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments under step three of the sequential evaluation process. Specifically, plaintiff contends his impairment meets listing 5.08, which states: "Weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI[5] of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." Doc. # 16 at 6. In support, plaintiff contends he has been diagnosed with multiple digestive orders and has sought relevant treatment. These disorders and symptoms include peptic ulcer disease, acute gastritis, acute pancreatitis, calcified granulomas on the kidney, nausea, diarrhea, vomiting, altered stools, jaundice, altered appetite, trouble swallowing, constipation, and appearance of malnourishment. Id. at 7 (citing AR 257, 261-62, 324, 338, 444-45, 453). Moreover, plaintiff points out that his BMI has been consistently less than 17.5 despite his height of 72 inches (i.e., six feet). Id. (citing AR 248, 250, 252). According to plaintiff, the record shows he weighed 126 pounds on July 8, 2009,

---

[5] According to plaintiff, Listing 5.00(G)(2)(b) states that BMI = weight in pounds/(height in inches x height in inches) x 703). See Doc. # 16 at 8.

which translates to a BMI of 17.09, and 125 pounds in December 2009 and on January 24, 2010, which translates to a BMI of 16.95. Id. at 7-8 (citing AR 248, 262, 328). Plaintiff adds that the last time he had a BMI over 17.5 was on December 27, 2007, less than two months before the ALJ found that he had stopped working. Id. at 8 (citing AR 254). Plaintiff concedes that while he struggles with alcohol abuse, the state agency considered this immaterial. Id at 7 (citing AR 319).

In response, defendant argues the ALJ is not required to discuss the combined effects of a claimant's impairments, or compare them to any listing in an equivalency determination unless the claimant presents evidence in an effort to establish equivalence, which plaintiff failed to do in the instant case. See Doc. # 17 at 3 (citing AR 34; Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001)). Defendant also points out that plaintiff failed to raise the issue of the 5.08 listing at the hearing before the ALJ. Defendant adds that the mere diagnosis of a listed condition does not establish that a claimant meets the listing, especially since each impairment in the listing is defined in terms of several specific medical signs, symptoms, or laboratory results, and a claimant must meet all specified criteria. Id. at 2-3 (citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990)). To meet listing 5.08, per defendant, plaintiff must show weight loss due to digestive disorder despite continued treatment as prescribed. However, the ALJ noted that the record showed plaintiff did not receive the type of medical treatment one would expect for a totally disabled individual. Id. at 5 (citing AR 37). The ALJ also noted that plaintiff had a history of upper gastrointestinal bleeding in February 2006 but, since that time, had not reported any abdominal pain or received any further treatment until October 2010, more than two years after plaintiff's alleged onset date. Id. (citing AR 37, 257, 413). The ALJ further noted that plaintiff neither reported his pancreatitis to the consultative examiner, nor complied with prescribed treatment, and continued to drink despite repeated recommendations to cease drinking, which exacerbated his pancreatitis. Id. (citing AR 37, 248, 251, 260-62, 422, 428, 437, 445, 448). Indeed, defendant was hospitalized in January 2001 for pancreatitis secondary to alcohol abuse. Id. (citing AR 455-56). As such, defendant concludes the ALJ did not err because plaintiff failed to show continued treatment as prescribed.

Plaintiff, in reply, restates his earlier assertions. Plaintiff also contends that while his attorney did not raise the issue of the 5.08 listing at the hearing, it is part of the administrative record and therefore subject to review on appeal. Plaintiff further contends that defendant simply offers "post hoc

rationalizations" for the ALJ's error." Doc. # 19 at 5.

This Court agrees with defendant and finds that the ALJ properly relied on evidence in the record establishing that plaintiff failed to meet listing 5.08. Indeed, this Court's review of the record reveals the absence of any medical history or medical treatment that would support a finding that plaintiff's purported digestive disorder meets all of the requirements of listing 5.08. Contrary to plaintiff's assertion, therefore, this Court concludes the ALJ did not err.

**b.      RFC**

Plaintiff also contends the ALJ erred in determining plaintiff's RFC by failing to properly evaluate Dr. R.D. Prabhu's ("Prabhu") opinion, failing to explain his rejection of Prabhu's opinion, and misstating Prabhu's opinion as "less restricting" even though, under Prabhu's opinion, "no work would be available to [plaintiff]." Doc. # 16 at 10.

In response, defendant argues the ALJ correctly determined plaintiff's RFC. In support, defendant argues the ALJ reasonably relied upon Prabhu's finding that plaintiff could lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour day; and sit for 6 hours in an 8-hour day. See Doc. # 17 at 5 (citing AR 36, 258). While plaintiff disputes this information, claiming Prabhu opined that plaintiff could only stand for 2 hours in an 8-hour day, and sit for less than 6 hours in an 8-hour day, defendant contends that a review of Prabhu's report reveals Prabhu inadvertently marked in two spaces, thereby resulting in more than one rational interpretation of the medical evidence. Nevertheless, per defendant, even if Prabhu intended to mark the line indicating at least 2 hours (not 2 hours, as plaintiff asserts) of standing in an 8-hour day, that line also indicates "sedentary" work, which is consistent with the ALJ's finding regarding plaintiff's RFC. Id. at 6 (citing AR 35). Defendant further contends that even if the ALJ misread Prabhu's report, it was harmless error, adding that the ALJ was not required to provide reasons to reject Prabhu's opinion.

Plaintiff, in reply, restates his earlier assertions. Plaintiff also denies that Prabhu checked the box indicating plaintiff could stand or walk for six hours, and questions the ALJ's interpretation of Prabhu's report.

This Court disagrees with defendant. Contrary to defendant's assertion, a review of Prabhu's report reveals that Prabhu did not mark in two spaces, which would result in more than one interpretation

8

of the medical evidence provided. See AR 258-59. Rather, the report clearly shows Prabhu found that plaintiff could, among others, lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for <u>at least 2 hours</u> in an 8-hour day; and sit for <u>less than 6 hours (i.e., 4 hours)</u> in an 8-hour day, with standard breaks and a lunch period providing sufficient relief to address any need to alternate between standing and sitting. See AR 258. However, the ALJ mistakenly stated in his decision that Prabhu opined plaintiff could stand and/or walk for <u>6 hours</u> in an 8-hour day, and sit for <u>6 hours</u> in an 8-hour day. While defendant contends the mistake constitutes "harmless error," this Court disagrees, especially since the ALJ bases his RFC finding regarding plaintiff's ability to stand, walk, and sit on Prabhu's report–indeed, the ALJ cites only Prabhu's report for this evaluation–and it is unclear to this Court whether the ALJ's finding that plaintiff is capable of "sedentary work" (i.e., a system surveillance monitor and escort vehicle driver) still stands in light of the ALJ's erroneous reading of Prabhu's report. See AR 36-37, 40, 69. Moreover, this Court is not persuaded by defendant's unsupported assertion that the ALJ does not have to provide a reason for rejecting Prabhu's opinion. Indeed, in this Court's experience, ALJs routinely explain why they give more, less, or no weight to a particular medical opinion, with this Court finding such explanations helpful during review. Based on the foregoing, therefore, this Court deems it appropriate to reverse and remand the instant case for a determination of plaintiff's RFC.

    **c.    Vocational Expert**

Because the Court finds that the instant case must be reversed and remanded for a determination of plaintiff's RFC, the Court will not address plaintiff's assertion regarding the vocational expert's testimony, which is an issue that flows from plaintiff's RFC.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 16) be **granted in part and denied in part**. This matter should be remanded for a determination of plaintiff's RFC.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 17) be **granted in part and denied in part**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

writing and filed with the Clerk of the Court within fourteen (14) days.  The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 1, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**